IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Brandon Hansauer, et al., | Case No. 20mc101 |
| **Plaintiffs,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| TrustedSec, LLC, | |
| | ORDER |
| **Defendants** | |

Currently pending is the Supplemental Brief of Plaintiffs Brandon Hausauer, Caralyn Tada, Emily Behar, Gary Zielicke, Emily Gershen, Whitney Anne Palencia, John Spacek, and Sara Sharp in support of their request to file certain Documents under Seal. (Doc. Nos. 2, 6.) For the following reasons, the Court grants in part and denies in part Plaintiffs' request, as set forth herein.

**I.     Background**

In their filings before the Court, Plaintiffs state the following. On July 19, 2019, Capital One announced a data breach involving the exfiltration of the highly sensitive personal information of over 100 million of its customers. The data was obtained by an outside hacker who was later charged with computer fraud and abuse. Various complaints alleging that Capital One failed to take reasonable care to secure the sensitive information belonging to its customers were filed around the country. The Judicial Panel on Multidistrict Litigation ("MDL") transferred the actions to the Eastern District of Virginia where District Judge Anthony John Trenga and Magistrate Judge John Anderson have presided over the litigation. *See In re: Capital One Consumer Data Security Breach Litigation*, MDL No. 1:19md2915 (E.D. Va.)

In the MDL action, Plaintiffs issued eleven (11) Fed. R. Civ. P. 45 subpoenas to third party entities that provided cybersecurity services to Capital One before the breach, that conducted forensic investigations into the causes of the breach, or that analyzed the personal customer data that was exfiltrated. One of these subpoenaed entities is Defendant herein, TrustedSec, LLC, which is located in Strongsville, Ohio. Specifically, on June 9, 2020, Plaintiffs issued a subpoena to TrustedSec pursuant to Rule 45 that sought the production of twenty-two (22) categories of documents relating to the cybersecurity services it provided to Capital One, including (but not limited to) documents relating to penetration testing of Capital One's cybersecurity environments prior to and after the breach. (Doc. No. 1-3, Exh. 1.)

On October 28, 2020, Plaintiffs filed a Motion in this Court to Transfer to the MDL Court or, in the Alternative, to Compel TrustedSec to comply with the subpoena. (Doc. No. 1.) Portions of the Memorandum in Support of Plaintiffs' Motion are redacted. (*Id*. at pp. 9-15.) In addition, several exhibits attached to Plaintiffs' Motion (i.e., Exhibits 4, 5, 7, 8, and 10 to the Declaration of Steve Six) are not included on the public docket but simply marked as "sealed." (Doc. No. 1-3 at PageID# 69, 70, 75, 76, 79.)

On that same date, Plaintiffs filed a Motion to File Documents under Seal. (Doc. No. 2.) Therein, Plaintiffs asserted, generally, that information contained in the Memorandum in Support of their Motion to Transfer or Compel, and Exhibits 4, 5, 7, 8 and 10 thereto, have been designated "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SECURITY SENSITIVE INFORMATION" pursuant to a Protective Order issued in the MDL case to which the instant matter is related. (*Id*.) Plaintiffs did not identify the specific information or documents sought to be redacted or sealed, nor did they provide any meaningful

reasons for preserving the secrecy of this information in the Motion, aside from the fact that a Protective Order was issued in the MDL matter. (*Id.*)

On October 29, 2020, this Court denied Plaintiffs' Motion on the grounds that Plaintiffs had failed to "analyze, in detail, document by document, the propriety of secrecy" with respect to the information they sought to submit under seal. (Doc. No. 5.) The Court ordered Plaintiffs to either (1) file a non-redacted version of their Memorandum in Support of Motion to Transfer with full and complete copies of Exhibits 4, 5, 7, 8, and 10; or (2) file a supplemental brief that provides a more complete and thorough justification for their request to file under seal. (*Id.*)

On November 2, 2020, Plaintiffs filed a Supplemental Brief in support of their Motion. (Doc. No. 6.) Therein, Plaintiffs provide a description of the documents and information at issue and (with one exception, discussed *infra*) provide specific reasons supporting their request to submit said documents and information under seal. (*Id.*) In addition, Plaintiffs attach correspondence with counsel for TrustedSec, in which TrustedSec states (without further explanation) that it "opposes the filing of any of the documents [at issue] and opposes the disclosure of any of the redacted information, if it is not placed under seal." (*Id.*) Notably, although it could certainly have done so, TrustedSec did not file any briefing in this Court relating to Plaintiffs' request to file under seal.

**II.     Analysis**

As this Court noted in its previous Order, the Sixth Circuit has made it clear that there is a "strong presumption in favor of openness as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). Specifically, the court has explained, as follows:

> Unlike information merely exchanged between the parties, "[t]he public has a strong interest in obtaining the information contained in the court record." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). That interest rests on several grounds. Sometimes, the public's interest is focused primarily

3

> upon the litigation's result—whether a right does or does not exist, or a statute is or is not constitutional. In other cases—including "antitrust" cases, id. at 1179—the public's interest is focused not only on the result, but also on the conduct giving rise to the case. In those cases, "secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." *Id*. And in any of these cases, the public is entitled to assess for itself the merits of judicial decisions. Thus, "[t]he public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions." *Id.* at 1181; *see also, e.g., Baxter*, 297 F.3d at 546.
>
> The courts have long recognized, therefore, a "strong presumption in favor of openness" as to court records. *Brown & Williamson,* 710 F.2d at 1179. The burden of overcoming that presumption is borne by the party that seeks to seal them. *In re Cendant Corp*., 260 F.3d 183, 194 (3d Cir. 2001). **The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records."** *In re Knoxville News–Sentinel Co.,* 723 F.2d 470, 476 (6th Cir. 1983). Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access. See *Brown & Williamson*, 710 F.2d at 1179. For example, in class actions—where by definition "some members of the public are also parties to the [case]"—the standards for denying public access to the record "should be applied ... with particular strictness." *Cendant*, 260 F.3d at 194. And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g., Press–Enter. Co. v. Superior Court of California, Riverside Cnty.,* 464 U.S. 501, 509-11, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984). **The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."** *Baxter***, 297 F.3d at 548.**

*Id*. at 305-306 (emphasis added). *See also Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020).

In addition, and of particular relevance herein, the Sixth Circuit has expressly cautioned parties against "conflating the standards for protective orders, which concern secrecy within the discovery process, and orders to seal filings, which implicate the right of the public to access court records." *Lipman*, 974 F.3d at 753. Indeed, in a very recent case, that court denied a motion to seal where "[d]efendants' sole argument for sealing Plaintiffs' brief is that it contains information derived from a deposition that Defendants designated as confidential under a protective order." *Id.* The court

4

noted that "[u]nder this Court's published precedent, this is plainly insufficient for a court filing to be sealed." *Id.*

When a district court does choose to seal court records, it must set forth specific findings and conclusions "which justify nondisclosure to the public." *Brown & Williamson*, 710 F.2d at 1176. That is true even if neither party objects to the motion to seal. *Shane Grp., Inc.*, 825 F.3d at 305. "And a court's failure to set forth those reasons—as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary—is itself grounds to vacate an order to seal." *Id.*

For the following reasons, the Court finds that Plaintiffs have articulated compelling reasons justifying the non-disclosure of Exhibits 5, 7, 8, and 10, as well as the redacted portions of their Memorandum in Support of Motion to Transfer or Compel. In their Supplemental Brief, Plaintiffs explain that Exhibit 5 is a portion of a document prepared by TrustedSec for Capital One titled "Technical Security Assessment Report" dated November 21, 2018. (Doc. No. 6 at pp. 3-4.) Plaintiffs state that "[t]he report documents TrustedSec's penetration testing attempting to infiltrate Capital One's cyber systems environment and reports on methods, tools used, and techniques to complete that assessment and to locate any vulnerabilities and misconfigurations." (*Id.*) Plaintiffs assert that this report contains sensitive information that "could potentially be used by malicious hackers to attack" Capital One and "attempt to exploit the personal and other confidential information contained in those systems." (*Id.*) The Court agrees and finds that the interests identified by Plaintiffs in support of nondisclosure of Exhibit 5 are compelling. Accordingly, the Court grants Plaintiffs' request to file Exhibit 5 under seal.

5

With regard to Exhibit 7, Plaintiffs state that this document is a chart prepared by counsel for TrustedSec "summarizing the conclusions of the penetration testing performed by TrustedSec over the Capital One systems in 2018 and 2019, including summarizing the systems, the tools used for testing, the identification of any vulnerabilities, as well as the levels of risk associated with any particular vulnerabilities." (Doc. No. 6 at p. 4.) Plaintiffs argue that "[t]he information is current, applies to current systems, and contains sensitive information about Capital One's cyber environments that could potentially be used by malicious hackers to attack those environments and attempt to exploit the personal and other confidential information contained in those systems." (*Id.*) The Court agrees and finds that the interests identified by Plaintiffs in support of nondisclosure of Exhibit 7 are compelling. Accordingly, the Court grants Plaintiffs' request to file Exhibit 7 under seal.

With regard to Exhibit 8, Plaintiffs state that this document was prepared by Capital One and "contains a root cause analysis of the vulnerabilities and risk rating associated with different aspects of Capital One's cybersecurity environment." (*Id*. at pp. 4-5.) Similar to Exhibit 7, Plaintiffs argue that the information in Exhibit 8 "is current, applies to current systems, and contains sensitive information that could potentially be used by malicious hackers to attack Capital One's environments and exploit the personal and other confidential information contained in those systems." (*Id.*) The Court agrees and finds that the interests identified by Plaintiffs in support of nondisclosure of Exhibit 8 are compelling. Accordingly, the Court grants Plaintiffs' request to file Exhibit 8 under seal.

With regard to Exhibit 10, Plaintiffs state that this document is an email between counsel for Plaintiffs and counsel for TrustedSec that "discusses information taken from penetration testing reports done by TrustedSec over Capital One's cyber environments and identifies specific systems,

6

their vulnerabilities, risks, and tools used to attempt to gain access to those systems." (*Id.* at p. 5.) Once again, Plaintiffs argue that the information is current and could potentially be used by malicious hackers to exploit the personal and other confidential information contained in Capital One's systems. (*Id.*) The Court agrees and finds that the interests identified by Plaintiffs in support of nondisclosure of Exhibit 10 are compelling. Accordingly, the Court grants Plaintiffs' request to file Exhibit 10 under seal.

The Court also grants Plaintiffs' request to redact approximately 3 paragraphs of its fifteen (15) page Memorandum Support of Motion to Transfer or Compel. The redacted information contains information from the exhibits discussed above, including information about the penetration testing conducted by TrustedSec. The redactions are narrowly tailored and limited to sensitive information that, if revealed, could potentially enable hackers to access or exploit personal and confidential information in Capital One's systems. Under these circumstances, the Court finds that the interests identified by Plaintiffs in support of nondisclosure of the redacted portions of its Memorandum in Support are compelling. Accordingly, the Court grants Plaintiffs' request to file a redacted version of these limited portions of the Memorandum, and to file an unredacted version of the Memorandum under seal.

This leaves Exhibit 4 to Plaintiffs' Motion to Transfer or Compel. Plaintiffs state the following with regard to this document:

> Exhibit 4 is the relevant portion of the Master Agreement for Professional Personnel Services between Capital One and TrustedSec dated February 18, 2018 (TSEC0001,00037, 000052) and includes a portion of the document describing the procedures to be followed by TrustedSec when documents created in its cybersecurity penetration testing work are requested by subpoena or in litigation. The document is designated "Confidential-Outside Counsel Only" under the MDL Protective Order. (Doc. No. 2-1 at 4). It does not appear that the exhibit meets the standards set forth in the Court's Order, (Doc. No. 5 at 2-3), however, it is designated "Confidential –

7

> Outside Counsel Only" so, in compliance with the protective order, Plaintiffs filed it under seal. Plaintiffs' contacted TrustedSec, the producing party, and requested that it consent to the public filing of Exhibit 4. TrustedSec declined. See Exhibit A.

(Doc. No. 6 at p. 3.) In email correspondence attached to Plaintiffs' Supplemental Brief, counsel for TrustedSec states that he does not believe any of the Exhibits at issue (including Exhibit 4) need to be filed at all but asserts that, if they are filed, they should all be filed under seal. (Doc. No. 6-1 at PageID#169.) Although counsel for Plaintiffs asked counsel for TrustedSec to "identify compelling reasons so we can include them in our supplemental brief," counsel for TrustedSec failed to do so. (*Id*. at PageID#s 169-170.) In addition, as noted above, TrustedSec did not file any briefing in response to either Plaintiffs' Motion to Leave to file Documents under Seal or this Court's October 29, 2020 Order.

The Court finds the parties have not identified compelling reasons justifying the non-disclosure of Exhibit 4. As noted, the relevant portions of this document describe the "procedures to be followed by TrustedSec when documents created in its cybersecurity penetration testing work are requested by subpoena or in litigation." (Doc. No. 6 at p. 3.) The Court is not persuaded that there is any compelling reason to seal this particular information. Indeed, Plaintiffs acknowledge that this Exhibit does not meet the standards for sealing set forth in the Court's October 29, 2020 Order. Moreover, although they could certainly have done so, TrustedSec did not submit any briefing to this Court to support the filing of this document under seal. Accordingly, the Court denies Plaintiffs' request to file Exhibit 4 under seal.

**III. Conclusion**

For all the foregoing reasons, Plaintiffs' request to file certain documents and information under seal is GRANTED IN PART and DENIED IN PART, as follows. The Court grants Plaintiffs'

request to file Exhibits 5, 7, 8, and 10 under seal, but denies Plaintiffs' request to file Exhibit 4 under seal. In addition, the Court grants Plaintiffs' request to file the redacted version of their Memorandum in Support of their Motion to Transfer or Compel, and to file an unredacted version of that Memorandum under seal. Plaintiffs are directed to file the requested documents and information under seal upon receipt of this Order.

**IT IS SO ORDERED.**

Date: November 6, 2020

     *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE